**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Fernando MARTINEZ–CACERES, a.k.a. Javier Diaz Sanchez, a.k.a. Jose Fernando Martinez–Caseras, Defendant–Appellant.**

**No. 09–16440**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 29, 2010.

Sylvia A. Irvin, Donna Lee Elm, Jacksonville, FL, for Defendant–Appellant.

Patricia D. Barksdale, Jacksonville, FL, for Plaintiff–Appellee.

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Jose Fernando Martinez–Caceres appeals his sentence for illegal reentry into the United States following a previous deportation, in violation of 8 U.S.C. § 1326. On appeal, Martinez–Caceres contends that the district court erred by imposing an enhanced sentence based on a felony conviction that was not set forth in the charging information. He recognizes that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) holds that a prior conviction is not an element of the offense under 8 U.S.C. § 1326(b), but he argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and subsequent cases have called the validity of *Almendarez–Torres* into question. He asserts that we should not apply *Almendarez–Torres* to the "distinguishable facts" of his case. For the reasons stated below, we affirm Martinez–Caceres's sentence.

We review constitutional issues *de novo. United States v. Steed,* 548 F.3d 961, 978 (11th Cir.2008). In *Almendarez–Torres,* the Supreme Court explained that a prior conviction used to enhance a sentence under 8 U.S.C. § 1326(b)(2) is not an element of the offense, and, therefore, it need not be alleged in the indictment or found by a jury beyond a reasonable doubt. *Almendarez–Torres,* 523 U.S. at 226–27, 118 S.Ct. at 1222. Although *Apprendi* and subsequent decisions have cast doubt on the reasoning of *Almendarez–Torres,* we have repeatedly explained that *Almendarez–*

*Torres* remains binding precedent unless and until that case is expressly overruled by the Supreme Court. *Steed,* 548 F.3d at 979–80; *United States v. Greer,* 440 F.3d 1267, 1273–76 (11th Cir.2006); *United States v. Gibson,* 434 F.3d 1234, 1246–47 (11th Cir.2006).

Martinez–Caceres's argument that the district court erred by enhancing his sentence based on a prior conviction not charged in the information is foreclosed by *Almendarez–Torres. See Almendarez–Torres,* 523 U.S. at 226–27, 118 S.Ct. at 1222. As noted above, *Almendarez–Torres* remains binding precedent in this Circuit unless and until it is overruled by the Supreme Court. *See Steed,* 548 F.3d at 979–80; *Greer,* 440 F.3d at 1273–76; *Gibson,* 434 F.3d at 1246–47. Although Martinez–Caceres suggests that *Almendarez–Torres* is distinguishable, he does not point to any differences between that case and his own. *Almendarez–Torres* addressed the same legal question and the same statute that are at issue in this case. *See Almendarez–Torres,* 523 U.S. at 226–27, 118 S.Ct. at 1222. *Almendarez–Torres* is directly on point, and, under that decision, the district court did not err by imposing an enhanced sentence based on a conviction not alleged in the information. Accordingly, we affirm Martinez–Caceres's sentence.

**AFFIRMED.**